**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| AG NUBIO INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIVID LIFE SCIENCES, LLC, *et al.*,<br><br>Defendants. | Case No. 0:25-cv-03585-JWB-LIB |

**DEFENDANT TIDAL VISION PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Tidal Vision Products, Inc. ("Tidal"), states as follows for its Answer and Affirmative Defenses to Plaintiffs Ag NuBio, Inc. ("Ag NuBio") and Bioagro, S.A.'s ("Bioagro," and, collectively with Ag NuBio, the "Plaintiffs") First Amended Complaint (the "FAC").

## INTRODUCTION[1]

1. Tidal denies the allegations contained in paragraph 1 of the FAC directed at Tidal. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 1 of the FAC directed at other defendants, and, therefore, denies the same.

2. Tidal denies the allegations contained in paragraph 2 of the FAC directed at Tidal. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 2 of the FAC directed at other defendants, and, therefore, denies the same.

[1] Tidal answers using the same headings and sub-headings from Plaintiffs' Amended Complaint only for ease of reading. Tidal admits nothing by use of the same and specifically denies any allegations or legal conclusions contained in any and all headings and sub-headings.

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

## PARTIES, JURISDICTION, AND VENUE

4. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 4 of the FAC, and, therefore, denies the same.

5. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 5 of the FAC, and, therefore, denies the same.

6. Tidal admits that Defendant Vivid Life Sciences, LLC ("Vivid") has appeared by counsel in this action but otherwise has insufficient knowledge or information to admit or deny the allegations in paragraph 6 of the FAC, and, therefore, denies the same.

7. Tidal admits that Defendant GenMax LLC has appeared by counsel in this action but otherwise has insufficient knowledge or information to admit or deny the allegations in paragraph 7 of the FAC, and, therefore, denies the same.

8. Tidal admits that Defendant Krenz has appeared by counsel in this action but otherwise has insufficient knowledge or information to admit or deny the allegations in paragraph 8 of the FAC, and, therefore, denies the same.

9. Tidal admits the allegations contained in paragraph 9 of the FAC.

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

11. Tidal denies that the federal claims referenced in paragraph 11 of the FAC are appropriate or warranted based upon the facts of this case, but nonetheless admits that this Court has subject matter jurisdiction.

12. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 12 of the FAC, and, therefore, denies the same.

13. Tidal denies that it engaged in any of the improper activities alleged in paragraph 13 of the FAC, including those that were purportedly "directed . . . at Minnesota." (Am. Compl., Doc. 42 ¶ 12). However, for the purposes of this Answer, Tidal states that it does not object to personal jurisdiction at this time.

14. Tidal denies the allegations contained in paragraph 14 of the FAC, that it engaged in any improper activities directed at the State of Minnesota, or elsewhere. However, for the purposes of this Answer, Tidal states that it does not object to venue at this time.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

15. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 15 of the FAC, and, therefore, denies the same.

16. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 16 of the FAC, and, therefore, denies the same.

17. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 17 of the FAC, and, therefore, denies the same.

18. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 18 of the FAC, and, therefore, denies the same.

19. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 19 of the FAC, and, therefore, denies the same.

20. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 20 of the FAC, and, therefore, denies the same.

21. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 21 of the FAC, and, therefore, denies the same.

22. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 22 of the FAC, and, therefore, denies the same.

23. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 23 of the FAC, and, therefore, denies the same.

24. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 24 of the FAC, and, therefore, denies the same.

25. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 25 of the FAC, and, therefore, denies the same.

26. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 26 of the FAC, and, therefore, denies the same.

27. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 27 of the FAC, and, therefore, denies the same.

28. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 28 of the FAC, and, therefore, denies the same.

29. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 29 of the FAC, and, therefore, denies the same.

30. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 30 of the FAC, and, therefore, denies the same.

31. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 31 of the FAC, and, therefore, denies the same.

32. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 32 of the FAC, and, therefore, denies the same.

33. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 33 of the FAC, and, therefore, denies the same.

34. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 34 of the FAC, and, therefore, denies the same.

35. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 35 of the FAC, and, therefore, denies the same.

36. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 36 of the FAC, and, therefore, denies the same.

37. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 37 of the FAC, and, therefore, denies the same.

38. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 38 of the FAC, and, therefore, denies the same.

39. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 39 of the FAC, and, therefore, denies the same.

40. The first sentence of paragraph 40 of the FAC states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same. Tidal has insufficient knowledge or information to admit or deny the remaining allegations in paragraph 40, and, therefore, denies the same.

41. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 41 of the FAC, and, therefore, denies the same.

42. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 42 of the FAC, and, therefore, denies the same.

43. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 43 of the FAC, and, therefore, denies the same.

44. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 44 of the FAC, and, therefore, denies the same.

45. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 45 of the FAC, and, therefore, denies the same.

46. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 46 of the FAC, and, therefore, denies the same.

47. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 47 of the FAC, and, therefore, denies the same.

48. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 48 of the FAC, and, therefore, denies the same.

49. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 49 of the FAC, and, therefore, denies the same.

50. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 50 of the FAC, and, therefore, denies the same.

51. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 51 of the FAC, and, therefore, denies the same.

52. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 52 of the FAC, and, therefore, denies the same.

53. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 53 of the FAC, and, therefore, denies the same.

54. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 54 of the FAC, and, therefore, denies the same.

55. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 55 of the FAC, and, therefore, denies the same.

56. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 56 of the FAC, and, therefore, denies the same.

57. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 57 of the FAC, and, therefore, denies the same.

58. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 58 of the FAC, and, therefore, denies the same.

59. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 59 of the FAC, and, therefore, denies the same.

60. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 60 of the FAC, and, therefore, denies the same.

61. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 61 of the FAC, and, therefore, denies the same.

62. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 62 of the FAC, and, therefore, denies the same.

63. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 63 of the FAC, and, therefore, denies the same.

64. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 64 of the FAC, and, therefore, denies the same.

65. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 65 of the FAC, and, therefore, denies the same.

66. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 66 of the FAC, and, therefore, denies the same.

67. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 67 of the FAC, and, therefore, denies the same.

68. Tidal has insufficient knowledge or information regarding the original CSF for NuPro, and therefore denies any allegations regarding the same. However, Tidal specifically denies the allegation contained in paragraph 68 of the FAC that "the modified GenMax product remained identical or substantially similar to NuPro." In addition, the final sentence of paragraph 68 states a legal conclusion to which no response is required. To the extent a response is required, Tidal denies the allegations contained in the final sentence of paragraph 68.

69. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 69 of the FAC, and, therefore, denies the same.

70. Paragraph 70 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

71. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 71 of the FAC, and, therefore, denies the same.

72. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 72 of the FAC, and, therefore, denies the same.

73. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 73 of the FAC, and, therefore, denies the same.

74. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 74 of the FAC, and, therefore, denies the same.

75. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 75 of the FAC, and, therefore, denies the same.

76. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 76 of the FAC, and, therefore, denies the same.

77. The allegations in the final sentence of paragraph 77 of the FAC call for a legal conclusion to which no response is required. To the extent a response is required, Tidal denies the allegations in the final sentence of paragraph 77. Tidal has insufficient knowledge or information to admit or deny the remaining allegations in paragraph 77 of the FAC, and, therefore, denies the same.

78. The allegations in paragraph 78 of the FAC call for a legal conclusion to which no response is required. To the extent a response is required, Tidal denies the allegations.

79. The allegations in the first two sentences of paragraph 79 of the FAC call for legal conclusions to which no response is required. To the extent responses are required,

Tidal denies the allegations in the first two sentences of paragraph 79.Tidal has insufficient knowledge or information to admit or deny the remaining allegations in paragraph 79 of the FAC, and, therefore, denies the same.

80. The allegations in paragraph 80 of the FAC call for legal conclusions to which no response is required. To the extent responses are required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 80 of the FAC, and, therefore, denies the same.

81. The allegations in paragraph 81 of the FAC call for legal conclusions to which no response is required. To the extent responses are required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 81 of the FAC, and, therefore, denies the same.

82. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 82 of the FAC, and, therefore, denies the same

83. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 83 of the FAC, and, therefore, denies the same.

84. Tidal denies the allegations contained in paragraph 84 of the FAC.

85. Tidal denies the allegations contained in paragraph 85 of the FAC.

86. Tidal denies the allegations contained in paragraph 86 of the FAC.

87. Tidal denies the allegations contained in paragraph 87 of the FAC.

88. Tidal denies the allegations contained in paragraph 88 of the FAC.

89. Tidal denies the allegations contained in paragraph 89 of the FAC.

90. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 90 of the FAC, and, therefore, denies the same.

91. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 91 of the FAC, and, therefore, denies the same.

92. Tidal admits that Mr. Hammil met with AGBio and discussed chitosan. Tidal has insufficient knowledge or information to admit or deny the remaining allegations in paragraph 92 of the FAC—including when this meeting occurred and what precisely was said—and, therefore, denies the same.

93. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 93 of the FAC, and, therefore, denies the same.

94. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 94 of the FAC, and, therefore, denies the same.

95. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 95 of the FAC, and, therefore, denies the same.

96. Tidal admits that it acquired, and is still the legal possessor of, all rights to GenMax. Tidal has insufficient knowledge or information to admit or deny the remaining allegations of paragraph 96 of the FAC—including the other Defendants' relationship with AGBio, or upon what information the initial registration of GenMax relied—and, therefore, denies the same.

97. Tidal admits that it conducted due diligence in connection with its acquisition of GenMax, but denies all remaining allegations contained in paragraph 97 of the FAC.

98. Tidal admits the allegations contained in paragraph 98 of the FAC.

99. Tidal denies the allegations contained in paragraph 99 of the FAC.

100. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 100 of the FAC, and, therefore, denies the same.

**COUNT I**
**VIOLATIONS OF THE DEFEND TRADE SECRETS ACT**
**18 U.S.C. § 1836**
**(Ag NuBio Against All Defendants)**

101. Tidal incorporates by reference and realleges its responses in the above paragraphs to Paragraphs 1–100 of the FAC as though fully set forth herein.

102. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 102 of the FAC, and, therefore, denies the same.

103. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 103 of the FAC, and, therefore, denies the same.

104. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 104 of the FAC, and, therefore, denies the same.

105. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 105 of the FAC, and, therefore, denies the same.

106. Paragraph 106 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

107. Paragraph 107 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

108. Paragraph 108 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 108 of the FAC, and, therefore, denies the same.

109. Tidal denies the allegations contained in paragraph 109 of the FAC.

110. Paragraph 110 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies that it improperly used or misappropriated any purported trade secrets. Tidal has insufficient knowledge or information to admit or deny the remaining allegations in paragraph 110 of the FAC, and, therefore, denies the same.

111. Paragraph 111 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies that AGBio has suffered and will continue to suffer injury and significant actual damages as the direct and proximate result of any conduct by Tidal. Tidal has insufficient knowledge or information to admit or deny the remaining allegations in paragraph 110 of the FAC, and, therefore, denies the same.

112. Paragraph 112 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

113. Tidal denies the allegations contained in paragraph 113 of the FAC.

In response to Plaintiffs' "WHEREFORE" paragraph asserted under Count I, Tidal denies that Plaintiffs are entitled to any relief from Count I of the FAC against Tidal. Tidal prays for this Court to enter judgment in its favor and against Plaintiffs on Count I of the FAC, for an award of costs and attorneys' fees pursuant to the Defendant Trade Secrets Act, and for all other relief as this Court deems just.

**COUNT II**
**VIOLATION OF THE MINNESOTA UNIFORM TRADE SECRETS ACT**
**MINN. STAT. § 325C.01, *et seq.***
**(Both Plaintiffs Against All Defendants)**

114. Tidal incorporates by reference and realleges its responses in the above paragraphs to Paragraphs 1–100 and 102–113 of the FAC as though fully set forth herein.

115. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 115 of the FAC, and, therefore, denies the same.

116. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 116 of the FAC, and, therefore, denies the same.

117. Paragraph 117 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

118. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 118 of the FAC, and, therefore, denies the same.

119. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 119 of the FAC, and, therefore, denies the same.

120. Tidal denies the allegations contained in paragraph 120 of the FAC.

121. Paragraph 121 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the allegations directed at Tidal. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 121 directed at other defendants, and, therefore, denies the same.

122. Tidal denies the allegations contained in paragraph 122 of the FAC directed at Tidal. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 122 directed at other defendants, and, therefore, denies the same.

123. Tidal denies the allegations contained in paragraph 123 of the FAC directed at Tidal. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 123 of the FAC directed at other defendants, and, therefore, denies the same.

124. Paragraph 124 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

125. Paragraph 125 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

In response to Plaintiffs' "WHEREFORE" paragraph asserted under Count II, Tidal denies that Plaintiffs are entitled to any relief from Count II of the FAC against Tidal. Tidal prays for this Court to enter judgment in its favor and against Plaintiffs on Count II of the FAC, for an award of costs, and for all other relief as this Court deems just.

**COUNT III**
**BREACH OF CONTRACT AND REQUEST FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF UNDER THE DELCARATORY JUDGMENT ACT**
**(Both Plaintiffs Against Vivid, GenMax, LLC, and Tidal Vision)**

126. Tidal incorporates by reference and realleges its responses in the above paragraphs to Paragraphs 1–100, 102–113, and 115–125 of the FAC as though fully set forth herein.

127. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 127 is not directed at Tidal, and thereby Tidal does not believe a

response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 127 of the FAC, and, therefore, denies the same.

128. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 128 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 128 of the FAC, and, therefore, denies the same.

129. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 129 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 129 of the FAC, and, therefore, denies the same.

130. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 130 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 130 of the FAC, and, therefore, denies the same.

131. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 131 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal

has insufficient knowledge or information to admit or deny the allegations in paragraph 131 of the FAC, and, therefore, denies the same.

132. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 132 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 132 of the FAC, and, therefore, denies the same.

133. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 133 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 133 of the FAC, and, therefore, denies the same.

134. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 134 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 134 of the FAC, and, therefore, denies the same.

135. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 135 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 135 of the FAC, and, therefore, denies the same.

136. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 136 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 136 of the FAC, and, therefore, denies the same.

137. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 137 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 137 of the FAC, and, therefore, denies the same.

138. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 138 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 138 of the FAC, and, therefore, denies the same.

139. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 139 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 139 of the FAC, and, therefore, denies the same.

140. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 140 is not directed at Tidal, and thereby Tidal does not believe a

response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 140 of the FAC, and, therefore, denies the same.

141. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 141 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 141 of the FAC, and, therefore, denies the same.

142. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 142 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 142 of the FAC, and, therefore, denies the same.

143. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 143 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 143 of the FAC, and, therefore, denies the same.

144. Tidal denies that it submitted any documents to the EPA relating to any of Plaintiffs' products. Tidal has insufficient knowledge or information to admit or deny the remaining allegations in paragraph 144 of the FAC, and, therefore, denies the same.

145. Tidal denies the allegations contained in paragraph 145 of the FAC.

146. Tidal denies the allegations contained in paragraph 146 of the FAC.

147. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 147 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, paragraph 147 calls for a legal conclusion to which no response is required. To the extent a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 147 of the FAC, and, therefore, denies the same.

148. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 148 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal denies the allegations directed at Tidal and invokes the doctrine of the law of the case based on the Court's previous ruling at Doc. No. 86. Tidal has insufficient knowledge or information to admit or deny the remaining allegations in paragraph 148 of the FAC directed at other defendants, and, therefore, denies the same.

149. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 149 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal denies the allegations directed at Tidal and invokes the doctrine of the law of the case based on the Court's previous ruling at Doc. No. 86. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 149 of the FAC, and, therefore, denies the same.

150. Paragraph 150 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

151. Paragraph 151 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

152. Paragraph 152 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

153. Paragraph 153 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

154. Paragraph 154 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

155. Paragraph 155 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

156. Paragraph 156 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

157. Paragraph 157 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

158. Pursuant to the Court's ruling that the NDA is not applicable to Tidal (Doc. No. 86), paragraph 158 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, paragraph 158 of the FAC calls for a legal conclusion to which no response is required, and, therefore, Tidal denies the same.

In response to Plaintiffs' "WHEREFORE" paragraph asserted under Count III, Tidal denies that Plaintiffs are entitled to any relief from Tidal under Count III of the FAC. Tidal prays for this Court to enter judgment in its favor and against Plaintiffs on Count III of the FAC, for an award of costs, and for all other relief as this Court deems just.

**COUNT IV**
**VIOLATIONS OF THE LANHAM ACT**
**15 U.S.C. § 1125(a)(1)**
**(Both Plaintiffs Against All Defendants)**

159. Tidal incorporates by reference and realleges its responses in the above paragraphs to Paragraphs 1–100, 102–113, 115–125, and 127–158 of the FAC as though fully set forth herein.

160. Paragraph 160 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

161. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 161 of the FAC, and, therefore, denies the same.

162. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 162 of the FAC, and, therefore, denies the same.

163. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 163 of the FAC, and, therefore, denies the same.

164. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 164 of the FAC, and, therefore, denies the same.

165. Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 165 of the FAC, and, therefore, denies the same.

166. Tidal denies the allegations contained in paragraph 166 of the FAC.

167. Paragraph 167 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

168. Paragraph 168 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

In response to Plaintiffs' "WHEREFORE" paragraph asserted under Count IV, Tidal denies that Plaintiffs are entitled to any relief from Tidal under Count IV of the FAC. Tidal prays for this Court to enter judgment in its favor and against Plaintiffs on Count IV of the FAC, for an award of costs, and for all other relief as this Court deems just.

**COUNT V**
**VIOLATIONS OF THE MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICE ACT**
**MINN. STAT. § 325D.44**
**(Both Plaintiffs against Tidal Vision)**

169. Tidal incorporates by reference and realleges its responses in the above paragraphs to Paragraphs 1–100, 102–113, 115–125, 127–158, and 160–168 of the FAC as though fully set forth herein.

170. Paragraph 170 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

171. Tidal denies the allegations contained in paragraph 171 of the FAC.

172. Paragraph 172 states a legal conclusion to which no response is required. To the extent that a response is required, Tidal denies the same.

In response to Plaintiffs' "WHEREFORE" paragraph, Tidal denies that Plaintiffs are entitled to any relief from Tital under Count V of the FAC. Tidal prays for this Court

to enter judgment in its favor and against Plaintiffs on Count V of the FAC, for an award of costs, and for all other relief as this Court deems just.

**COUNT VI**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**(Both Plaintiffs Against Defendants Vivid, Krenz, and GenMax LLC)**

173. Tidal incorporates by reference and realleges its responses in the above paragraphs to Paragraphs 1–100, 102–113, 115–125, 127–158, 160–168, and 170–172 of the FAC as though fully set forth herein.

174. Paragraph 174 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 174 of the FAC, and, therefore, denies the same.

175. Paragraph 175 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 175 of the FAC, and, therefore, denies the same.

176. Paragraph 176 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 176 of the FAC, and, therefore, denies the same.

177. Paragraph 177 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal

has insufficient knowledge or information to admit or deny the allegations in paragraph 177 of the FAC, and, therefore, denies the same.

178. Paragraph 178 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 178 of the FAC, and, therefore, denies the same.

179. Paragraph 179 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 179 of the FAC, and, therefore, denies the same.

180. Paragraph 180 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 180 of the FAC, and, therefore, denies the same.

181. Paragraph 181 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 181 of the FAC, and, therefore, denies the same.

182. Paragraph 182 is not directed at Tidal, and thereby Tidal does not believe a response is appropriate or required. However, to the extent that a response is required, Tidal has insufficient knowledge or information to admit or deny the allegations in paragraph 182 of the FAC, and, therefore, denies the same.

In response to Plaintiff's "WHEREFORE" paragraph, Tidal denies that Count VI of the FAC is directed at Tidal. Thereby Plaintiff is not entitled to any relief from Count VI of the FAC from Tidal.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' MUDTPA claim is preempted by the MUTSA, including for the reasons set forth in Tidal's Motion to Dismiss, and in oral argument by Tidal's counsel regarding the same.

2. The remedies created by the Declaratory Judgment Act are inappropriate under these circumstances, including because the requested permanent injunction is too broad and harms the public interest.

3. The FAC fails to state a claim upon which relief can be granted.

4. The formulas and/or products described by Plaintiffs were not, and are not the basis for the current GenMax formulation.

5. Plaintiffs did not take appropriate steps to safeguard their purported trade secrets.

6. The two products at issue are sufficiently different such that trade secret protections are inappropriate, including because the formulation, process, and development of the two products are distinct.

7. Tidal performed a good-faith attempt to determine if its product infringed upon any existing trade secrets or patents, and it did not appear so based upon same.

8. Because of the foregoing reasons, the claims of trade secret misappropriation brought by Plaintiffs are "made in bad faith" pursuant to the DTSA, such that the Court

should award Tidal its reasonable attorney's fees in defending against this action. 18 U.S.C. 1836(b)(3)(B).

9. Plaintiffs' claims against Tidal are barred or diminished because of Plaintiffs' failure to mitigate or limit their damages.

10. Plaintiffs' claims for damages fail in whole or in part because the alleged damages are or will be proven to be speculative and uncertain.

11. Plaintiffs' claims are barred because recovery would result in unjust and/or excessive enrichment to Plaintiffs.

12. Plaintiffs' claims are barred because other defendants in this action other than Tidal are actually the party or parties responsible for Plaintiff's alleged injuries.

13. Plaintiffs' claims against Tidal are partially or fully offset.

14. Plaintiffs' claims are barred by the doctrine of waiver, laches, release, and estoppel.

15. Plaintiffs' claims are barred by the doctrine of unclean hands.

16. Plaintiffs' claims are barred by the doctrine of waiver.

17. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

18. Plaintiffs' claims are barred either in whole or in part by the fact that any alleged breaches of any duty occurred in good faith or without malice.

19. Tidal denies liability for any acts alleged by the FAC, but to the extent that it shall be assigned any liability from the FAC, it is entitled to indemnification and/or contribution from the other defendants to this action.

20. Tidal reserves the right to assert additional affirmative defenses as discovery is on-going.

## DEMAND FOR JURY TRIAL

Tidal demands a jury trial on all claims for which it is entitled to a jury.

Respectfully submitted,

Dated: May 20, 2026

**SPENCER FANE LLP**

*/s/ Randi J. Winter*
Randi J. Winter, MN #0391354
100 S 5th Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 268-7000
rwinter@spencerfane.com

Douglas M. Weems, MO #41165
(Admitted *Pro Hac Vice*)
Kyle A Klucas, MO #71973
(Admitted *Pro Hac Vice*)
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Fax: (816) 474-3216
dweems@spencerfane.com
kklucas@spencerfane.com

*Attorneys for Defendant Tidal Vision Products, Inc.*